# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| David R. Puckett, | CASE NO. 1:21 CV 425 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| | **Memorandum of Opinion and Order** |
| U.S. Dept. of Treasury Internal Revenue Service, | |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff David R. Puckett filed this action against the United States Department of Treasury Internal Revenue Service seeking the first Economic Impact Payment ("EIP"), or stimulus check, to which he claims he is entitled. He indicates he received the second check issued, but not the first. He does not identify the legal claim or claims he intends to assert in this action. He seeks monetary damages in the amount of $ 1,200.00, which he states is the amount of the first EIP check.

## BACKGROUND

Plaintiff is a prisoner in the Richland Correctional Institution. He alleges he completed a form 1040 United States Income Tax Return on October 14, 2020, to be eligible to receive the economic impact payments, also known as stimulus checks, that the government was providing to qualified taxpayers. He does not indicate for which year's taxes he filed a return. He claims

he did not receive a check from the Internal Revenue Service ("IRS") by the December 31, 2020 deadline. His attorney-in-fact, using a power of attorney signed by Plaintiff, made inquiries on his behalf with the IRS through the agency's website. She reported to Plaintiff that not enough information had been provided. He alleges she was not advised how to remedy that situation. He indicates he eventually received a check for $ 600.00, which he claims is the second check the government issued. He contends he is entitled to another $1200.00 for the first check the government issued. He does not indicate the cause of action he is asserting to support this claim for relief.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

The Coronavirus Aid, Relief, and Economic Security Act of 2020 (the "CARES Act" or the "Act") was passed by Congress and signed into law by President Trump on March 27, 2020, to provide economic relief to certain individuals who reside in the United States during the COVID-19 pandemic. The Act was designed, in part, to provide direct economic assistance payments, the amount of which is based on the tax filing status of each eligible individual and the number of qualifying children they have, if any. The Act defines an "eligible individual" as "any individual other than any nonresident alien individual," any individual who cannot be claimed as a deduction on another taxpayer's income tax return, and "an estate or trust." See 26 U.S.C. § 6428(d).

The portion of the CARES Act relevant to this litigation amended the Internal Revenue Code to provide for Economic Impact Payments ("EIP") to be paid directly to eligible individuals through a "tax credit." The amount of the credit allocated to eligible individuals is limited based on an eligible individual's adjusted gross income ("AGI"), with phase-outs beginning at $75,000 for individual filers and $150,000 for joint filers. 26 U.S.C. § 6428(c).

The credit was to be paid in 2021 based on an individual's 2020 income tax return, see 26 U.S.C. § 6428(a), or as an "advance refund" to be paid on or before December 31, 2020, based on an individual's 2019 income tax return. *See* 26 U.S.C. § 6428(f). If an eligible individual had not filed a 2019 tax return, that individual would still be eligible to receive an advance refund based on that person's 2018 tax return. 26 U.S.C. § 6428(f)(5)(A). If an individual had not filed either a 2019 or a 2018 tax return, the IRS could use information provided in Form SSA-1099 or Form RRB-1099, with respect to that individual receiving social security benefits. 26 U.S.C. § 6428(f)(5)(B). The IRS indicated that it would calculate and automatically issue an EIP to eligible individuals.

Persons who did not file a tax return for tax years 2018 or 2019 ("non-filers") could go to a web-based portal the IRS set up for non-filers to provide their information in order to receive the EIP advance refund. Individuals who use the non-filer online portal had until October 15, 2020, to register in order to receive the EIP by the December 31, 2020 deadline imposed by the CARES Act. Eligible individuals who did not receive an advance refund could claim their EIP tax rebates by filing a 2020 tax return in 2021.[1]

Plaintiff does not indicate a the legal cause of action he intends to pursue which allows him to sue the IRS to compel it to issue him an EIP payment. The United States, as a sovereign,

---

[1]

The IRS initially took the position that incarcerated individuals were ineligible for the EIP. The United States District Court for the Northern District of California certified a class of incarcerated persons and determined that withholding EIP checks from them was arbitrary and capricious. *Scholl v. Mnuchin*, No. 20-cv-5309 PJH, ⸺ F.3d ⸺, 2020 WL 5702129 (N.D. Cal. Sept. 24, 2020) (Scholl I) The court ordered the IRS to reexamine those returns for individual eligibility and credit amount paid. The court declined to address individual claims stating it was the IRS's duty, and not that of the court, to determine individual eligibility and credit amounts.

-4-

cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). Plaintiff, therefore, must point to some statute waiving sovereign immunity for the type of suit he is attempting to bring. He has not pointed to any such statute nor has he referred the Court to any statutory or case law authority which would allow him to maintain an action against the United States under the CARES Act for receipt of specific non-disbursed funds. The CARES Act did not establish a private right of action to dispute the IRS's determination of an individual's eligibility for the EIP. *Phelps v. Mnuchin*, No. 3:21-CV-327-JD-MGG, 2021 WL 2138506, at *3-4 (N.D. Ind. May 26, 2021). *See also Comcast Corp. v. Nat. Ass'n of African Am.-Owned Media*, --- U.S. ----, ----, 140 S. Ct. 1009, 1015 (2020) ("[W]e have come to appreciate that, like substantive federal law itself, private rights of action to enforce federal law must be created by Congress and raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.") (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001)) (internal quotation marks and brackets omitted). Plaintiff has not demonstrated a waiver of the United States' sovereign immunity.

Finally, even if there were a private cause of action under the CARES Act, funds cannot now be distributed for the EIP. As noted above, the CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed. That deadline has passed, and no more funds may be issued. After the deadline, eligible individuals can get the credit through their 2020 tax return. Plaintiff cannot obtain the relief he seeks in this case.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 6/22/21